HEIRS OF PÍO DE JESÚS, Petitioners, *v.* DISTRICT COURT
OF SAN JUAN ET AL., Respondents.

No. 1593.    Argued April 9, 1945.—Decided May 21, 1945.

*R. Rivera Zayas, G. Rivera Cestero, A. Agosto Abadía,* and *R. E.
Calderón* for petitioners.    *V. Géigel Polanco* and *C. Andréu Ribas*
for defendant Zenaida Martínez.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the
court.

Zenaida Martínez, a minor, represented by her natural
mother, filed in the District Court of San Juan two com-
plaints—one praying that she be declared an acknowledged
natural child of Pío de Jesús, who died on September 7,

2

1944, and another one praying that the designation of heirs made by the testator in favor of his wife and legitimate children be annulled. As a provisional remedy within the latter action, plaintiff filed a motion for the appointment of a receiver to administer the property belonging to the estate.

The defendant heirs opposed the introduction of any evidence relating to the motion for the appointment of a receiver, on the ground that such an appointment did not lie. The lower court overruled the objection raised by the defendants and proceeded to hear plaintiff's evidence. The defendants refused to introduce any evidence and insisted that, as a matter of law, the receivership sought was improper. On March 13, 1945, the lower court made an order sustaining the motion and ordering the appointment of a receiver.

The defendant heirs thereupon applied to this court for a writ of certiorari to review and set aside said order. We issued the writ and ordered the respondent court and the receiver, if any such had already been appointed, to refrain from taking any action in connection with the receivership until the further order of this court.

The only question to be decided is whether the mere filing of the aforesaid complaints entitles the plaintiff, that is, the alleged natural child, to the appointment of a receiver in order that the latter may take charge of, administer, and keep under his custody the properties belonging to the estate left by the alleged natural father.

In the present case, through the petition for the appointment of a receiver, it is sought to accomplish something which could not be obtained through a petition for judicial administration. It is a firmly established doctrine, under the decisions of this court, that the plaintiff in a filiation suit which is still pending has no right or the necessary capacity to apply for the administration of the estate, nor to be cited

or to intervene in the administration proceedings until the filiation suit has been finally decided in his favor.[1]

An application for the appointment of a receiver is always addressed to the sound discretion of the court. The law—§ 182 of the Code of Civil Procedure, 1933 ed.—vests in the district courts the necessary discretionary power to appoint a receiver in the cases enumerated in said Section. In the latter it is expressly provided that the appointment may be made "on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured." The power granted to the lower court is not to be arbitrarily exercised. In order that the appointment of a receiver may be upheld it is required that there should be present in the case all the necessary facts and circumstances justifying the exercise of such judicial discretion.

The judicial administration of the property of a decedent may be applied for by his or her executor. If no executor has been appointed, or if the decedent died intestate, such administration may be applied for by the surviving spouse of the decedent, or any heir at law, or any person claiming as testamentary heir or legatee, or any uninsured creditor with written title, having a claim against the decedent. Section 556 of the Code of Civil Procedure further provides that the petition shall set forth under oath "the interest and cause of action of the petitioner." Construing said Section, this court has repeatedly held that the plaintiff in a filiation suit is not entitled to apply for the judicial administration.

When the lower court rendered the decision sought to be reviewed, neither of the two complaints filed on behalf of the

[1] *Puente et al.* v. *Puente et al.*, 16 P.R.R. 556; *Rivera* v. *Cámara*, 17 P.R.R. 503; *Sabater* v. *Escudero*, 23 P.R.R. 794, 798; *Iturrino* v. *Iturrino*, 24 P.R.R. 71, 80; *Ricci* v. *Sepúlveda*, 25 P.R.R. 849; *Morales* v. *Dessús*, 27 P.R.R. 482, 486; *Dessús* v. *Ricci*, 28 P.R.R. 445, 448.

minor herein had been answered. The complaint in the filiation suit is not based on any acknowledgment of the child's paternity by an authentic or trustworthy document executed by the alleged natural father. It is based on alleged acts of acknowledgment on the part of the decedent, Pío de Jesús, such as his having furnished care, medicines, and clothes to the mother of the minor during her pregnancy and having visited and caressed the minor, calling the latter "my daughter." Such allegations are insufficient to render probable the right or interest of the plaintiff in the hereditary property or to justify the appointment of a receiver.

There is no doubt that, under the facts and circumstances of the instant case, and in accordance with the above-cited decisions, the claimant of the status of natural child of Pío de Jesús would have no present right or capacity to apply for and obtain the judicial administration of the estate in question. She could acquire such right and capacity only through a final or definitive judgment acknowledging her status as a natural daughter of the decedent. We fail to see any reason for holding that a person who has no right to apply for the judicial administration of the estate of a decedent is entitled to apply for the appointment of a receiver of that same estate, when the purpose of either remedy is to preserve the property in question for the benefit of those persons who have an acknowledged or probable interest in said property.

The appointment of a receiver, under the circumstances of the present case, would constitute a dangerous precedent and render possible the use of this extraordinary remedy by unscrupulous persons in the performance of acts of blackmail, seeking to hinder the prosecution of the inheritance proceedings and the distribution of the estate merely by bringing a filiation suit and obtaining the appointment of a receiver. The injured parties would then have no remedy against the applicant for the receivership, inasmuch as said applicant would not be bound to furnish a bond to answer

for any damages caused in the event that the filiation suit failed. The bond furnished by the receiver would secure the faithful performance by said officer of the duties of his office; but it would not protect the persons interested in the inheritance against any damages caused to them by his wrongful appointment.

The case of *Balasquide* v. *Rossy, District Judge,* 18 P. R.R. 33, which was cited by the representative of the minor herein and on which the respondent tribunal based its decision, may be easily distinguished from the case at bar. In the *Balasquide* case, the *ex parte* petition for the appointment of a receiver was filed after the plaintiff had obtained a judgment in his favor declaring him to be a natural child of the decedent Ramón Balasquide Gómez, and while the case was pending decision on appeal in this court. This court held that, according to subdivisions 2 and 3 of § 182 of the Code of Civil Procedure, a receiver may be appointed "after a judgment either for the purpose of carrying the judgment into effect, or of disposing of the property in accordance therewith, or of preserving the same pending the decision on appeal"; and it reversed the order complained of as it had been rendered without hearing both parties and without the court having before it the facts showing the necessity for the appointment of a receiver and that there was no better way to secure the preservation of the property.

In the instant case, as we have already stated, neither of the two complaints had even been answered at the time that the receivership was ordered. The lower court, without taking into account that in the case at bar no judgment in favor of the plaintiff minor had been rendered as yet, erroneously believed that by merely hearing evidence which tended to show the necessity for the appointment of a receiver it would comply with the rule laid down in the *Balasquide* case.

For the reasons stated we are of the opinion that the lower court lacked authority to make the order sought to be reviewed, which should be set aside. The case will be remanded to the respondent court for further proceedings not inconsistent with this opinion.